FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2011 FEB -1  AM 9:42

CATHERINE PINE

    Plaintiff,

vs.

PINNACLE ASSET GROUP, LLC.; and
FRANK TAIMANI, an individual.

    Defendants.
_____/

CASE NO.:

3:11-cv-93-J-34TEM

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, **CATHERINE PINE**, by and through undersigned counsel, and files this Complaint against Defendants, **PINNACLE ASSET GROUP, L.L.C. and FRANK TAIMANI**, and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from the Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5. Defendant, **PINNACLE ASSET GROUP, L.L.C.** (hereinafter "Defendant Pinnacle") is a collection agency operating from an address of 3221 Southwestern Blvd., Suite 305 in Orchard Park, New York 14127 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6).

6. Defendant **FRANK TAIMANI**, (hereinafter "Defendant Taimani") is employed by Defendant Pinnacle in the position of Director of Operations.

## FACTUAL ALLEGATIONS

7. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a HSBC/Household-Master Card, (Account # xxxx-xxxx-xxxx-0014). Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants Pinnacle and Taimani for collection from the Plaintiff.

8. On or about November 9, 2010, Plaintiff received a letter from **Defendant TAIMANI** advising her that if she and the Defendants did not reach an acceptable agreement by November 19, 2010, that her account would be forwarded to Defendant **PINNACLE**'s attorney. (See Exhibit A) Plaintiff did not contact Defendants nor was she served with a summons or complaint.

9. On that same day Plaintiff received a phone call from Defendant TAIMANI. Plaintiff stated that she was having difficulty managing her finances and that she was considering filing bankruptcy. Defendant TAIMANI threatened that he could "stop her from filing bankruptcy, repossess her car, get jurisdiction in Duval County and take her to court."

10. On or about November, 2010 Defendant **TAIMANI** phoned Plaintiff's home and spoke with Plaintiff's daughter. Defendant **TAIMANI** directed Plaintiff's daughter to advise her mother that, "She was in BIG trouble!" Plaintiff's daughter was frightened by the message and concerned about her well being. Plaintiff's daughter passed along the message to Plaintiff that same day. No further action was taken by either Defendants on that day.

11. On or about November 15, 2010, Plaintiff received a second letter from Defendant **TAIMANI** advising her that if she and the Defendants did not reach an acceptable agreement by November 25, 2010, that her account would be forwarded to Defendant **PINNACLE**'s attorney (See Exhibit B).

12. To date Plaintiff has not been served with a summons or complaint by either Defendant.

### *Summary*

13. All of the above-described collection actions and communications made to Plaintiffs by Defendant and their employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b), 1692d 1692e, 1692e(2), 1692e(4); 1692e(5); 1692e(10), and 1692f, amongst others, the FCCPA, including but not limited to Section 559.72(7), (8), and (9), and/or the FDUTPA.

14.     The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to this Plaintiff.

15.     Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationship with a family member.

16.     Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

17.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

18.     Plaintiff realleges as though fully restated herein paragraphs seven (7) through sixteen (16).

19.     The foregoing acts of Defendants and their agents which include engaging in conduct whose natural consequence is to harass, oppress or abuse, threatening to take action

which could not legally be taken or that was not intended to be taken, and using unfair and/or unconscionable means to attempt to collect a debt constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) for Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

20. Plaintiff realleges as though fully restated herein paragraphs seven (7) through sixteen (16).

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to Section 559.77 against each Defendant and for the Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against each Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit reports; and

- for such other relief as this Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT
### Section 501. et seq., Fla. Stat.

21. Plaintiff realleges as though fully restated herein paragraphs seven (7) through sixteen (16).

22. This is an action for damages and an injunction for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) against Defendants in the attempted co collection of debt.

23. At all times relevant to this Complaint, Defendants were engaged in the business of debt collection.

24. The alleged debt in this cause is a "consumer transaction" within the scope of the FDUTPA.

25. In engaging in the conduct more specifically described in the Factual Allegations above, Defendants committed deceptive and unfair trade practices in connection with attempting to collect a debt.

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to Section 501.211 against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 501.211 against each Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and for such other relief as this Court deems just and proper.

ROBERT L. CORSE, P.A.

*/s/ Robert L. Corse*

Robert L. Corse, Esquire
Florida Bar No.0338893
Jennifer McCarthy, Esquire
Florida Bar No. 0086793
233 East Bay Street, Suite 920
Jacksonville, Florida 32202-3456
Telephone: (904) 634-1701
Fax: (904) 634-1507
robertcorse@bellsouth.net
Attorneys for Plaintiff

# PINNACLE ASSET GROUP, L.L.C.

3221 Southwestern Blvd, Suite 305
Orchard Park, NY. 14127
Toll Free Phone (866) 751-2884 Ext 234 - Fax (716) 674-9725
www.pinnacleassetgroupllc.com

November 9th, 2010

Catherine Pine
8450 Gate Pkwy W Unit 908
Jacksonville, FL. 32216

Original Account Number: **5407-9150-1397-0014**

Original Creditor: **HSBC/ Household- Master Card**

Claim Number: **108400-10 D/C**

Current Balance: **$ 1,135.24**

Dear Catherine,

The debt identified above was sold by **HSBC/ Household- Master Card**; all of your rights and obligations regarding said contract have been assigned to this office. Your file has been forwarded to my department for legal review. Your seriously delinquent contractual obligation is now being examined for possible litigation. The total amount due is currently **$ 1,135.24**, including interest and penalties. Despite numerous requests for payment, full restitution still has not been made. This office considers this to be a very serious and time sensitive matter. Said correspondence is hereby considered your written, legal notification. Let it be known that **Pinnacle Asset Group, L.L.C.** reserves the right to legally pursue you or to amicably settle this claim with your voluntary cooperation.

*Please be advised that due to present time restraints & several unanswered attempts this is our final request for amicable restitution. If an acceptable arrangement is not met within 10 days of November 9th, 2010, I will then forward said claim to our general legal counsel. At his discretion, our general legal counsel may then forward this claim to an attorney in your jurisdiction who may institute legal proceedings against you to fully protect our interests. A civil lawsuit is a very expensive and time consuming process. Said litigation may result in the rendering and execution of a civil or default judgment, the filing of a property lien if applicable, attachment and or liquidation of any and all applicable tangible assets, freezing or seizure of any and all applicable bank accounts, garnishment or attachment of wages, assessment of attorney fees and other legal expenses including but not limited to court costs and all other available legal remedies as fully specified by your state law.*

If you cannot afford to pay the balance in full, you may contact this office to make an acceptable settlement arrangement. If you are experiencing some kind of financial hardship, you may be eligible for a balance reduction. We will offer you several settlement options to help you rectify this matter before said actions above are taken. Please contact me direct to discuss all possible options available before said notice expires.

Federal law requires us to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose.

Very Truly Yours,

*Frank Taimani*
Director of Operations
Pinnacle Asset Group, L.L.C.

**Exhibit A**

# PINNACLE ASSET GROUP, L.L.C.

3221 Southwestern Blvd, Suite 305
Orchard Park, NY. 14127
Toll Free Phone (866) 751-2884 Ext 234 - Fax (716) 674-9725
www.pinnacleassetgroupllc.com

November 15th, 2010

Catherine Pine
8450 Gate Pkwy W Unit 908
Jacksonville, FL. 32216

Original Account Number: <u>5407-9150-1397-0014</u>

Original Creditor: <u>HSBC/ Household -Master Card</u>

Claim Number: <u>108400-10 D/C</u>

Current Balance: <u>$ 1,137.78</u>

**Dear Catherine,**

    The debt identified above was sold by <u>HSBC/ Household -Master Card;</u> all of your rights and obligations regarding said contract have been assigned to this office. Your file has been forwarded to my department for legal review. Your seriously delinquent contractual obligation is now being examined for possible litigation. The total amount due is currently <u>$ 1,137.78,</u> including interest and penalties. Despite numerous requests for payment, full restitution still has not been made. This office considers this to be a very serious and time sensitive matter. Said correspondence is hereby considered your written, legal notification. Let it be known that <u>Pinnacle Asset Group, L.L.C.</u> reserves the right to legally pursue you or to amicably settle this claim with your voluntary cooperation.

    <u>*Please be advised that due to present time restraints & several unresolved attempts this is our final request for amicable restitution. If an acceptable settlement agreement is not met within 10 days of November 15th, 2010, I will then forward said claim to our general legal counsel. At his discretion, our general legal counsel may then forward this claim to an attorney in your jurisdiction who may institute legal proceedings against you to fully protect our interests. A civil lawsuit is a very expensive and time consuming process. Said litigation may result in the rendering and execution of a civil or default judgment, the filing of a property lien if applicable, attachment and or liquidation of any and all applicable tangible assets, freezing or seizure of any and all applicable bank accounts, garnishment or attachment of wages, assessment of attorney fees and other legal expenses including but not limited to court costs and all other available legal remedies as fully specified by your state law.*</u>

    If you cannot afford to pay the balance in full, you may contact this office to make an acceptable settlement arrangement. If you are experiencing some kind of financial hardship, you may be eligible for a balance reduction. We will offer you several settlement options to help you rectify this matter before said actions above are taken. Please contact me direct to discuss all possible options available before said notice expires.

    Federal law requires us to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose.

*Very Truly Yours,*

*Frank Taimani*
*Director of Operations*
*Pinnacle Asset Group, L.L.C.*

**Exhibit <u>B</u>**